# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHEILA DURNELL,** *on behalf of herself* | : | |
| *and all others similarly situated, et al.,* | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **GERARD FOTI, et al.,** | : | No. 19-2972 |
| Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                 **September 20, 2019**

Shelia Durnell and Charles Opdenaker sued Gerald Foti, D.O., Suburban Spine and Orthopedic Center, LLC ("Suburban Spine"), Main Line Hospitals, Inc. ("Main Line"), and Crozer-Keystone Health System ("Crozer-Keystone") in the Court of Common Pleas for Delaware County, Pennsylvania. Plaintiffs accuse Defendants of various violations of Pennsylvania law arising from alleged medical malpractice by Dr. Foti. Suburban Spine and Dr. Foti removed the case to federal court pursuant to the Class Action Fairness Act of 2005 ("CAFA"). Plaintiffs now seek remand on the grounds that removal was untimely and that this case falls within two exceptions to federal jurisdiction under CAFA. The Court finds neither argument persuasive and denies Plaintiffs' motion for remand.

## I.    BACKGROUND

On April 26, 2019, Shelia Durnell and Charles D. Opdenaker (through his power of attorney Charles M. Opdenaker) – both residents of Pennsylvania – commenced this class-action lawsuit against Gerald Foti, D.O., Suburban Spine, Main Line, and Crozer-Keystone in the Court

1

of Common Pleas for Delaware County, Pennsylvania.[1] According to the Complaint, Dr. Foti practices medicine in Pennsylvania, and Suburban Spine, Main Line, and Crozer-Keystone are each Pennsylvania corporations. The Complaint further alleges that Dr. Foti practiced medicine at three locations in Pennsylvania: Suburban Spine, Bryn Mawr Hospital (allegedly owned, operated, or managed by Main Line), and Crozer Chester Medical Center (allegedly owned, operated, or managed by Crozer-Keystone).

Plaintiffs bring ten causes of action under Pennsylvania law, seeking to hold all defendants liable for Dr. Foti's alleged malpractice, Plaintiffs seek to represent a class consisting of:

> All individuals who were subjected to medically unnecessary or unindicated procedures, surgery and/or injections performed by Dr. Gerard Foti between 2011 to the present, at Suburban Spine and Orthopedic Center, Main Line Hospitals, Inc., Crozer-Keystone Health System and/or John Doe health System, and who, because of negligence, suffered injury; and loss of consortium claims filed on behalf of their spouses.

(Mem. of Law in Supp. of Pl.'s Mot. to Remand [Mem. in Supp. of Remand], at 1.)

On July 9, 2019, Dr. Foti and Suburban Spine ("Defendants") removed this case to federal court pursuant to CAFA, 28 U.S.C § 1332. According to Defendants, this case meets the requirements for federal jurisdiction under CAFA because the putative class is minimally diverse from Defendants, consists of over 100 members, and, if successful, could receive an award in excess of five million dollars. Plaintiffs now move to remand.

## II. DISCUSSION

Plaintiffs argue that federal jurisdiction is improper for two reasons: (1) Defendants' notice

---

[1] Plaintiffs also name as a defendant "John Doe Hospital", which they believe to be a corporate entity that operated and or managed health care facilities where Dr. Foti performed unnecessary and unindicated surgical or medical procedures upon his patients.

2

of removal was untimely, and (2) this case falls into the home state (28 U.S.C. § 1332(d)(4)(B)) and local controversies (28 U.S.C. § 1332(d)(4)(A)) exception to CAFA's grant of jurisdiction. For reasons discussed below, this Court finds that Defendants timely removed this case to federal court, this case meets the prerequisites for federal jurisdiction under CAFA, and Plaintiffs have not shown that any exception to CAFA applies. As a result, this Court finds that it has jurisdiction over this case pursuant to CAFA.

### A. Defendants timely filed a notice of removal

Plaintiffs claim removal was untimely because Defendants filed their notice of removal more than thirty days after being served with the Complaint. When a case is removed to federal court, the party asserting jurisdiction must show that federal jurisdiction is proper. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). A notice of removal of a civil action from state court to federal court must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b). Defendants filed their notice for removal on July 9, 2019. As a result, defendants have the burden of showing they were not served with the Complaint on or before June 8, 2019.

Defendants' have met their burden by providing a copy of the docket for this action in the Delaware County Court of Common Pleas. (Def.'s Notice of Removal, Ex. C.) The docket contains no indication that Defendants were served on or before June 8, 2019. In fact the only reference to service of Dr. Foti and Suburban Spine indicates that service did *not* take place on June 4, 2019.

Moreover, this claim appears to stem from a typographical error in Defendants' initial removal notice, which stated that Defendants were served on June 4, 2019 – more than thirty days

before filing their notice of removal. (Gerard Foti, D.O. and Suburban Spine and Orthopedic Center, LLC's Notice of Removal [Def.'s Notice of Removal] ¶ 14, ECF No. 1.) In a later filing however, Defendants indicated this was an error and that they intended to state that they had not been served on June 4, 2019. (Mem. of Law in Supp. of Def.'s Gerrard Foti, D.O. and Suburban Spine and Orthopedic Center, LLC's Mot. for Leave to Am. Notice of Removal, at 2-3.) Defendants have since amended their notice of removal, asserting that they were not served on June 4, 2019. (Gerard Foti, D.O. and Suburban Spine and Orthopedic Center, LLC's Am. Notice of Removal [Def.'s Am. Notice of Removal] ¶¶ 14, ECF No. 27.) The Court finds that Defendant's notice of removal was timely.

### B. This case meets the requirements for federal jurisdiction under CAFA

CAFA confers on district courts "original jurisdiction of any civil action" provided three requirements are met: (1) the amount in controversy exceeds $5,000,000, as aggregated across all individual claims; (2) the parties are minimally diverse ; and (3) the class consist of at least 100 members. 28 U.S.C. § 1332(d)(2), (5)(B), (6); *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 590 (2013). Plaintiffs do not contest that CAFA's three jurisdictional prerequisites are met here. Nonetheless, this Court must independently confirm its own subject matter jurisdiction. *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 395 (3d Cir. 2004). To that end, in determining whether CAFA's jurisdictional prerequisites have been satisfied, courts look to the allegations in the complaint and the notice of removal. *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 500 (3d Cir. 2014). In *Frederico v. Home Depot*, the Court of Appeals for the Third Circuit found that, where neither party contest the facts underlying the defendant's assertion of CAFA jurisdiction, jurisdiction is proper unless it is clear to "a legal certainty" that a prerequisite

to CAFA jurisdiction cannot be met. 507 F.3d at 198.

Defendants assert that CAFA's jurisdictional prerequisites are satisfied. First, the amount in controversy exceeds $5,000,000 because the class includes "individuals who were subject to unnecessary or unindicated procedures, surgery and/or injections performed by Dr. Foti between 2011 to present" and the size of the class is large enough that "the amount in controversy will exceed the $5 million threshold." (Def.'s Am. Notice of Removal ¶¶ 35-36, ECF No. 27.) Second, the case is minimally diverse because "Dr. Foti has performed spinal fusion surgeries on patients from the State of New Jersey and Delaware at Crozer Chester Medical Center since 2001 . . . [T]hese New Jersey and Delaware patients are members of Plaintiffs' proposed class." (*Id*. at ¶ 25.) Plaintiffs allege that "Defendants Dr. Foti, Suburban Spine and Orthopedic Center, Crozer-Keystone Health System d/b/a Crozer Chester Medical Center, and Main Line Hospitals, Inc. d/b/a Bryn Mawr Hospital are all citizens of the Commonwealth of Pennsylvania." (*Id*. at ¶ 26.) Third, the class consists of at least 100 members because "upon information and belief, Dr. Foti has performed more than 100 procedures, surgeries and/or injections since 2011 at Suburban Spine and Orthopedic Center, Main Line Hospitals, Inc., and Crozer-Keystone Health System." (*Id*. at ¶ 21.) None of Defendants' claims are wrong "to a legal certainty". Thus, the Court concludes this case meets CAFA's jurisdictional prerequisites.

### C. Plaintiffs have failed to show that any exception to CAFA jurisdiction applies

In order to prevent CAFA from extending federal jurisdiction over genuinely local controversies, Congress carved out two exceptions to CAFA's jurisdictional prerequisites. First, the local controversy exception applies when: (1) greater than two-thirds of the members of the proposed class are "citizens of the State in which the action was originally filed"; (2) at least one

5

defendant from whom "significant relief" is sought and whose alleged conduct forms a "significant basis" for the claims is a "citizen of the State in which the action was originally filed"; (3) the "principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed"; and (4) no other class action has been filed "asserting the same or similar factual allegations" against the same defendants during the prior three years. 28 U.S.C. § 1332(d)(4)(A). Second, the home state exception applies when at least two-thirds of the members of the putative class and the "primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). A party seeking to invoke an exception to federal jurisdiction under CAFA "bears the burden of proving by a preponderance of the evidence that the exception applies." *Vodenichar v. Halcón Energy Props., Inc.*, 733 F.3d 497, 504 (3d Cir. 2013).

Plaintiffs contend that both the local controversy exception and the home state exception apply. (Mem. in Supp. of Remand. at 5-9) However, while Plaintiffs assert that "[t]he majority of Plaintiff's proposed class are citizens of Pennsylvania", they present no evidence whatsoever regarding the citizenship of members of the proposed class. (*Id*. at 6.) As plaintiffs bear the burden of proving the applicability of any exception to CAFA jurisdiction, this lack of evidence is fatal to their motion. *Ellis v. Montgomery Cty.*, 267 F. Supp. 3d 510, 516 (E.D. Pa. 2017) ("The party seeking to invoke an exception must provide evidence (not merely assertions) that makes it more likely than not that more than two-thirds of the proposed class consists of citizens of the relevant state."); *see also Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 265 (8th Cir. 2015) ("Any doubt about the applicability of the local-controversy exception is resolved against the party seeking remand.") Without evidence tending to show that at least two-thirds of proposed class members

6

are citizens of Pennsylvania, Plaintiffs cannot carry their burden to show either that the local controversy or home state exception to CAFA jurisdiction apply in this case.

No doubt sensing this vulnerability, Plaintiffs note that Defendants have yet to respond to interrogatories – served while this case was still in state court – requiring defendants to identify "each person who directly or indirectly received medical care or treatment from Defendant Gerard Foti." (Mem. in Supp. of Remand at 6.) According to Plaintiffs "[t]he failure of Defendants Foti and Suburban Spine to answer this discovery should be deemed an inference that class members from other States are minimal at best." (*Id*. at 7.) However, the Court is aware of no authority permitting it to make such an inference. Just the opposite, "[t]he local controversy exception is narrow, and the legislative history of CAFA reveals a strong preference that interstate class actions should be heard in a federal court if properly removed." *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 584 (7th Cir. 2017). Given the preference for federal jurisdiction embodied in CAFA, a party invoking a CAFA exception must do more than simply note that the non-moving party has failed to respond to a discovery request. Plaintiffs have not met their burden of showing that either the home state exception or the local controversy exception to CAFA jurisdiction apply to this case.

## III.  CONCLUSION

For the forgoing reasons, the motion to remand is denied. An Order consistent with this Memorandum will be docketed separately.