**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHEILA DURNELL,** *on behalf of herself* | : | |
| *and all others similarly situated, et al.,* | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| **GERARD FOTI, et al.,** | : | No. 19-2972 |
| Defendants. | : | |

## MEMORANDUM

**Schiller, J.**                                                                                                 **November 12, 2019**

Shelia Durnell and Charles Opdenaker ("Plaintiffs") sued Gerald Foti, D.O., Suburban Spine and Orthopedic Center, LLC, Main Line Hospitals, Inc., and Crozer-Keystone Health System for medical malpractice. Defendants now seek to dismiss for failure to state a claim. Because Plaintiffs allege virtually no facts to support their various medical malpractice claims, the Court agrees with Defendants and will dismiss the lawsuit.

**I.     BACKGROUND**

Foti practiced medicine at Suburban Spine, Crozer-Keystone's Crozer-Chester Medical Center, and Main Line's Bryn Mawr Hospital, (Compl. ¶ 2.) There, Foti "performed" or otherwise "subjected plaintiffs to" medical procedures, surgeries, injections, anesthesia, and inserted one or more surgical devices into Plaintiffs. (*Id.* ¶¶ 1, 27, 42, 43.) The specifics of the procedures – including the nature of the procedures, when and why they were performed, and which plaintiff which procedures were performed on – are not detailed in the Complaint. The Complaint further alleges that, following the procedures, Plaintiffs "suffered injuries of a personal and pecuniary nature," such as "medical expenses, pain and suffering, and physical and emotional trauma," some or all of which "are believed to be permanent." (*Id.* at ¶¶ 47, 58, 67, 74, 91, 98.) The Complaint

does not specify the nature of the alleged injuries, nor explain how they were caused by Foti's alleged malpractice.

Plaintiffs sued Foti in the Delaware County Court of Common Pleas on April 26, 2019, alleging that Foti had committed battery, negligent misrepresentation, fraudulent misrepresentation, and medical negligence. Plaintiffs further allege that Main Line and Crozer-Keystone were vicariously responsible for alleged torts committed by Foti, that Suburban Spine, Main Line and Crozer-Keystone had committed corporate negligence, and that all Defendants were liable for loss of consortium and punitive damages. Foti and Suburban Spine removed the case to this Court on July 8, 2019, and all four defendants now move to dismiss the complaint pursuant to Rule 12(b)(6).

## II. STANDARDS OF REVIEW

Defendants move to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6), which requires a court to dismiss a pleading that fails to state a claim upon which relief can be granted. A Pleading states a claim upon which relief can be granted if it contains factual allegations that, if proven to be true, would entitle the plaintiff to a legal remedy. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To determine whether a pleading meets this standard, courts in the Third Circuit administer a three-part test. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

First, courts examine the pleading to identify the elements of any claims that could entitle the pleader to relief. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). In so doing, the court may consider any claim potentially available to the pleading party. 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2019 3d ed.) ("Many federal courts have concluded that the complaint should not be dismissed merely because the plaintiff's

allegations do not support the legal theory he or she intends to proceed on, since the district court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible legal theory.") Second, courts identify all nonconclusory factual allegations contained within the pleading. *Robinson v. Family Dollar Inc*, 679 F. App'x 126, 132 (3d Cir. 2017). A court need not, however, accept unsupported conclusion and unwarranted inferences. *See Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013). Likewise, a court need not accept conclusions of law. *In re Asbestos Prod. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016). Third, the court compares the elements of the pleading party's potential claims with the factual allegations in the pleading. *Connelly v. Lane Const. Corp.,* 809 F.3d 780, 787 (3d Cir. 2016). A pleading states a claim for which relief can be granted if, assuming the truth of the factual allegations in the complaint, the elements of a pleader's claim will be satisfied, and there are no additional legal barriers to relief. *See id*. at 791. In evaluating whether or not the pleader is entitled to relief, the court must draw all reasonable inferences in favor of the nonmoving party. *In re Asbestos Prod. Liab. Litig. (No. VI)*, 822 F.3d at 131.

### III. DISCUSSION

Plaintiffs' Complaint fails to state a claim upon which relief can be granted. While the Court will address each of Plaintiffs' claims individually, the Court notes that each claim suffers from a single generalized defect: the Complaint does not meaningfully describe the events that Plaintiffs believe give rise to liability. It does not describe the circumstances that put the Plaintiffs in Foti's care. It does not describe what procedures Plaintiffs underwent, nor when, where, or how they were performed. It does not explain how Defendants' alleged misconduct resulted in Plaintiffs' injuries, nor even describe the nature of Plaintiffs' injuries. As a result, the Complaint reads as the sort of "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements" which "do not suffice" to state a claim for which relief can be granted. *Iqbal*, 556 U.S. at 678.

### A. Battery (Count I)

In Count I, Plaintiffs allege that Foti battered them by performing various medical procedures without obtaining informed consent. In Pennsylvania, a medical provider commits a battery if they perform non-emergency surgery, administer anesthesia, or insert a surgical device or appliance without first obtaining informed consent. 40 Pa.C.S. § 1303.504 (a); *Duttry v. Patterson*, 565 Pa. 130, 135 (2001). The patient must be given a description of a procedure and the risks and alternatives that a reasonable patient would require to make an informed decision as to that procedure. 40 Pa.C.S. § 1303.504 (b). The Court will dismiss Count I because the Complaint does not allege any facts to support the conclusion that Foti performed procedures without informed consent.

Plaintiffs' allegations regarding actions Foti either took or failed to take regarding informed consent read as follows: "Foti did perform surgery, administer anesthesia, and/or insert one or more surgical devices or appliances into Plaintiffs without informed consent" and "Foti deliberately subjected Plaintiffs to unnecessary medical procedures that could lead to dangerous injections and prescriptions of habit-forming narcotic medications." (Compl. ¶¶ 42-43.) These allegations are conclusory, and thus unentitled to an assumption of truth, because Plaintiffs plead no facts detailing what information Foti failed to provide, or why that information was necessary to establish informed consent. In fact, it is not even clear from the Complaint what procedures Foti is alleged to have performed. As a result, none of the allegations supporting a charge of battery are entitled to an assumption of truth, and the Court will dismiss the battery claims.

## B. Negligent Misrepresentation (Count II)

In Count II, Plaintiffs allege that Foti committed the tort of negligent misrepresentation. Negligent misrepresentation has four elements: "(1) a misrepresentation of a material fact; (2) made under circumstances in which the misrepresenter ought to have known its falsity; (3) with an intent to induce another to act on it; and, (4) which results in injury to a party acting in justifiable reliance on the misrepresentation." *Bortz v. Noon*, 729 A.2d 555, 561 (Pa. 1999). The Court will dismiss Count II because the Complaint does not allege facts sufficient to show that Foti's conduct resulted in injury to Plaintiffs.

Again, Plaintiffs make two sets of conclusory allegations to support their claims. First, Plaintiffs allege that Foti negligently made seven false statements,[1] and negligently omitted six material statements,[2] but fail (with one exception) to allege any facts to support their conclusion that Foti's alleged statements were false or his omissions material. The single exception is Plaintiffs' allegation that Foti falsely represented he "had a high success rate with the surgical fusion hardware", which Plaintiffs support by alleging that, in fact "the hardware was new and experimental". (Compl. ¶ 52f.) Second, Plaintiffs allege that "[a]s a direct and proximate result of Defendant Foti's conduct, Plaintiffs suffered injuries of a personal and pecuniary nature, including but not limited to medical expenses, pain and suffering, and physical and emotional trauma, all of

---

[1] (Compl. ¶ 52a) ("surgical fusion was medically indicated"); (*Id*. at ¶ 52b) ("Foti was the right surgeon who should perform the surgical procedure."); (*Id*. at ¶ 52c) ("surgical fusion was the best medical treatment for Plaintiffs"); (*Id*. at ¶ 52d) ("surgery was the only treatment option"); (*Id*. at ¶ 52e) ("following the surgery, Plaintiffs' condition would improve"); (*Id*. at ¶ 52f) ("[Foti] had a high success rate with surgical fusion hardware"); (*Id*. at ¶ 52m) ("injections and/or other prescribed procedures were medically indicated").

[2] (Compl. at ¶ 52g) ("surgical fusion was, in fact, not medically necessary"); (*Id*. at ¶ 52h) ("surgical fusion was not the best medical treatment for Plaintiff's condition"); (*Id*. at ¶ 52i) ("it was more likely than not that Plaintiffs would need additional surgeries after the initial surgery") (*Id*. at ¶ 52j) ("the initial surgery was likely to require long-term additional treatment including painful injections and the long-term use of habit forming narcotic pain medication"); (*Id*. at ¶ 52k) ("the subsequent surgical procedure was the result of the unnecessary initial surgery") (*Id*. at ¶52l) ("the pain injections that he received were the result of the unnecessary initial surgery").

which are believed to be permanent." (Compl. at ¶ 58.) However, the Complaint includes no allegations about how Foti's conduct led to such injuries, or what the injuries actually were.

Setting aside the conclusory statements and assuming the remaining allegations to be true, this Court finds Plaintiffs have failed to plead sufficient facts to support a charge of negligent misrepresentation. Drawing every inference in Plaintiffs' favor, Plaintiffs have alleged that Foti made a single false statement regarding the success rate of surgical fusion. However, Plaintiffs' allegations that Foti's conduct resulted in injury are entirely conclusory and, by extension, insufficient to make out a claim for negligent misrepresentation. As such, the charge of negligent misrepresentation must be dismissed.

### C. Fraudulent Misrepresentation (Count III)

In Count III, Plaintiffs allege that Foti committed the tort of fraudulent misrepresentation. Fraudulent misrepresentation has six elements: (1) A representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. *Bortz,* 556 Pa. at 499 (1999). The Court will dismiss Count III because the Complaint fails to allege facts to support allegations that Foti acted with knowledge or recklessness, or proximately caused Plaintiffs' injury.

Three sets of allegations Plaintiffs make to support their charge of fraudulent misrepresentation are conclusory and therefore unentitled to an assumption of truth. First, Plaintiffs allege that Foti intentionally made seven false statements[3] and intentionally omitted six

---

[3] (Compl. ¶ 60a) ("Plaintiffs were surgical candidates"); (*Id*. at ¶ 60b) ("surgical fusion was medically indicated"); (*Id*. at ¶ 60c) ("surgical fusion was medically necessary"); (*Id*. at ¶ 60d) ("surgery was the most

6

true statements.[4] However, with one exception, Plaintiffs allege no facts to support their conclusions regarding the falsity of the expressed statements, the truth and materiality of the omitted statements, or Foti's intent. As with negligent misrepresentation, the single exception is Plaintiffs' allegation that Foti represented that he "had a high success rate with the surgical fusion hardware" which they again support by alleging "the hardware was new and experimental." (Compl. ¶ 60l.) Second, the Complaint alleges no facts at all to support the contention that Foti recklessly or knowingly made false statements. Third, once again, the Complaint makes conclusory allegations that Plaintiffs were harmed by Foti's alleged fraudulent misrepresentation, but alleges no facts explaining either what the injuries were or how they stemmed from Foti's alleged conduct. (*Id*. at ¶ 67.)

Removing the conclusory statements from consideration and assuming the remaining allegations to be true, Plaintiffs have failed to plead sufficient facts to support a charge of fraudulent misrepresentation. Plaintiffs allege no facts supporting the allegation that Foti acted with knowledge or recklessness, or that Foti's representation caused plaintiffs injury. As a result, the charge of fraudulent misrepresentation must be dismissed.

### D. Medical Negligence (Count IV)

In Count IV, Plaintiffs allege that Foti committed medical negligence. To plead a claim for

---

effective or only option for medical treatment"); (*Id*. at ¶ 60h) ("Foti was the right surgeon to perform the medical procedures"); (*Id*. at ¶ 60k) ("following the surgery, Plaintiffs would regain his mobility"); (*Id*. at ¶ 60l)("[Foti] had a high success rate with the spinal fusion hardware").

[4] (Compl. ¶ 60e) ("the procedure(s) was/were unnecessary"); (*Id*. at ¶ 60f) ("the procedure(s) was/were not medically indicated"); (*Id*. at ¶ 60g) ("the procedure(s) was likely to and/or intended to lead to additional surgical and non-surgical procedures to be performed by Defendant Foti for the purpose of profit to Defendants"); (*Id*. at ¶ 60i) ("subsequent surgical revisions were unnecessary or were required only because of the initial procedure, which also was not necessary"); (*Id*. at ¶ 60j) ("the treatments recommended by Defendant Foti were not made for Plaintiffs' wellbeing but, upon information and belief, were intended to generate revenues and profits to the Defendants at the expense of Plaintiffs' wellbeing) (*Id*. at ¶ 60j) ("the initial surgical fusion was not the best medical treatment option for Plaintiffs' condition.")

medical negligence, the plaintiff must establish (1) a duty owed by the physician to the patient; (2) a breach of duty from the physician to the patient (3) that the breach of duty was the proximate cause of, or a substantial factor in, bringing about the harm suffered by the patient; and (4) damages suffered by the patient that were a direct result of that harm. *Mitzelfelt v. Kamrin*, 526 Pa. 54, 62 (1990). The Court will dismiss Count IV because the Complaint does not allege any nonconclusory facts to support the conclusion that Foti breached his duty of care, or that he proximately or directly caused injury to Plaintiffs.

Two sets of allegations Plaintiffs make to support their charge of medical negligence are conclusory and therefore unentitled to an assumption of truth. First, Plaintiffs support their assertion that Foti breached his duty of care by incorporating their now-dismissed charges of battery, negligent misrepresentation, and fraudulent misrepresentation, by describing certain actions allegedly taken by Foti without alleging any facts to explain why those actions constitute breach of duty,[5] or by making conclusory allegations about Foti's conduct without alleging facts in support of those conclusion.[6] Second, Plaintiffs allege that, as a result of Foti's conduct, Plaintiffs suffered "unnecessary and/or unindicated medical procedures", "incredible pain and

---

[5] (Compl. ¶ 70l) ("failing to diagnose Plaintiffs as candidates for medical treatments other than surgery, such as pain management"); (*Id*. at ¶ 70m) ("relying upon discograms and other advanced medical imaging to diagnose Plaintiffs").

[6] (Compl. ¶ 70d) ("recommending surgery without undertaking appropriate review or investigation of Plaintiffs' medical history."); (*Id* at ¶ 70e) ("failing to prescribe conservative alternative treatment(s) to Plaintiffs prior to surgery."); (*Id*. at ¶ 70g) ("performing surgery when that procedure was not medically indicated"); (*Id*. at ¶ 70h) ("performing the surgery when that procedure was unnecessary"); (*Id* at ¶ 70k) ("misdiagnosing Plaintiffs as surgical candidates for the surgical procedures"); (*Id*. at ¶ 70n) ("failing to perform a proper and complete physical examination of Plaintiff prior to operating on him"); (*Id*. at ¶ 70o) ("rushing Plaintiffs into surgery when surgery was not needed and where Plaintiffs should not undergo surgery"); (*Id*. at ¶ 70o) ("failing to diagnose Plaintiffs properly and subjecting Plaintiffs to unnecessary pain injections that exacerbated Plaintiffs condition."); (*Id*. at ¶ 70p) ("performing surgical procedures on Plaintiffs with knowledge or in reckless disregard of the fact that procedures were unnecessary and/or unlikely to cure or provide Plaintiffs with long-term relief."); (*Id*. at ¶ 70q) ("abandoning Plaintiffs at a time when Plaintiffs were in dire need for examination and care"); (*Id*. at ¶ 70p)("failing to exercise the degree of care that an ordinary person would expect from a trained surgeon.").

suffering, discomfort, disability and loss of the enjoyment of life", and "injuries of a personal and pecuniary nature, including but not limited to medical expenses, pain and suffering, and physical and emotional trauma, all of which are believed to be permanent." (Compl. ¶¶ 71,72,74.) However, Plaintiffs make no factual allegations either describing the link between Foti's alleged actions and their injuries, nor describing the injuries themselves.

Removing the conclusory statements from consideration, there is nothing left in the Complaint to satisfy the breach, proximate cause, or actual cause prongs of medical negligence. As such, Plaintiffs have failed to plead medical negligence.

### E. Corporate Liability (Counts VIII and IX)

In Count IV, Plaintiffs allege that Suburban Spine, Main Line, and Crozer-Keystone committed corporate negligence. To make out a claim for corporate negligence, a Plaintiff must show that the hospital or qualifying medical provider (1) deviated from the standard of care; (2) had actual or constructive notice of the defects or procedures that created the harm; and (3) their act or omission was a substantial factor in bringing about the harm. *Kennedy v. Butler Mem'l Hosp.*, 901 A.2d 1042, 1045 (2006). The Court will dismiss Counts VIII and IX because Plaintiffs allege no facts to support the conclusion that any Defendant deviated from any standard of care.

Plaintiffs make *only* conclusory, non-factual allegations to support their contention that Suburban Spine, Main Line, and Crozer-Keystone deviated from the standard of care, or that any such deviation was a factor in Plaintiffs' alleged injury. As Plaintiffs tell it, Suburban Spine, Main Line, and Crozer-Keystone deviated from the standard of care by "failing to properly instruct and/or train its/their agents, servants, workmen, employees, and/or other representatives", "failing to provide sufficient numbers or employees and/or other means of assistance for the general public, including Plaintiffs", "failing to hire competent physicians and surgeons to render treatment and

9

to cure diseases and disorders of the extremities", and "failing to provide and/or enforce proper safety measures, protocols and/or procedures for their medical staff employees and agents to follow". (Compl. ¶¶ 89a-d) (corporate negligence against Suburban Spine); (*Id*. at ¶¶ 96a-d) (corporate negligence against Main Line, and Crozer-Keystone). These allegations neither contain nor follow any facts explaining how Suburban Spine, Main Line, and Crozer-Keystone failed in the manner alleged. Likewise, Plaintiffs make no factual allegations to support their claim that "as a direct and proximate result of the aforesaid, Plaintiffs suffered injuries". (*Id*. at ¶¶ 91,98.)

Setting aside the conclusory allegations, Plaintiffs have failed to allege that Suburban Spine, Main Line, and Crozer-Keystone deviated from any standard of care, or that their acts or omissions were a substantial factor in bringing about Plaintiffs alleged injury. As such, charges of corporate liability against Suburban Spine, Main Line, and Crozer-Keystone must be dismissed.

**F. Loss of Consortium, Vicarious Liability, and Punitive Damages (Counts V, VI, VII, and X)**

The Court has dismissed Plaintiffs' claims for battery, negligent misrepresentation, fraudulent misrepresentation, medical negligence, and corporate negligence. Therefor this Court must also dismiss Plaintiffs' claims for loss of consortium, vicarious liability, and punitive damages because those claims require Plaintiffs to establish liability under an independently valid cause of action. *Allen v. Am. Airlines, Inc.*, 301 F. Supp. 2d 370, 383 (E.D. Pa. 2003) ("Any action for loss of consortium is derivative, however, and the viability of such a claim depends upon the substantive merit of the injured party's claims."); *Mamalis v. Atlas Van Lines, Inc.*, 522 Pa. 214, 221 (1989) ("A claim of vicarious liability is inseparable from the claim against the agent since any cause of action is based on the acts of only one tortfeasor."); *Kirkbride v. Lisbon Contractors, Inc.*, 521 Pa. 97, 101 (1989) ("Since punitive damages are an element of damages arising out of

the initial cause of action, if that cause of action is dismissed, the punitive damages which are incident to actual damages cannot stand.") As all of Plaintiff's independent causes of action have been dismissed, the loss of consortium, vicarious liability, and punitive damages claims must be dismissed as well.

## IV. CONCLUSION

For the forgoing reasons, Defendants' various motions to dismiss are granted and the case is dismissed without prejudice. An Order consistent with this Memorandum will be docketed separately.